UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERED CHRISTOPHER BLAIR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:24-cv-00143-MTS |
| ST. LOUIS COUNTY JUSTICE CENTER, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Petitioner's initial filing is difficult to parse. But it appears Petitioner is a pretrial detainee at the St. Louis County Justice Center in Clayton, Missouri. He asserts that he "is being held [there] against [his] rights . . . without bond [or] court date and [has] been getting told that [he is] only being held for another county for traffic tickets only." He goes on to say that jail personnel have used excessive force with him and that "St. Louis County Justice Center violated [his] 4th, 5th, 8th, [and] 14th Amendment rights[.]" Plaintiff attributes his mistreatment to the "Marcia Brown family, secret society, organization and gov." He seeks immediate release, asking that the Court "get [him] removed and released from th[e] facility [as] soon as possible." The filing does not request any other relief.

Because Plaintiff, a pretrial detainee, seems only to seek release from state custody, the Court will construe his filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."); *see also Hammond v. Delano*, 69 F.3d 541 (8th Cir. 1995) (per curiam) (noting inmate could not

"obtain release from custody through a section 1983 action"); *Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707 (10th Cir. 2013) (finding "release from custody is not an available remedy in a § 1983 action").

There are two issues Petitioner must address before his case can proceed. *First*, Plaintiff has failed to pay the five dollar ($5.00) filing fee to the Court, *see* 28 U.S.C. § 1914(a), or properly seek to proceed in forma pauperis in compliance with Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For this reason, the Court will deny his Motion for Leave to Proceed in Forma Pauperis without prejudice, and the Court will send to Petitioner a form motion to proceed in forma pauperis for him to complete. As indicated on the form, and as required by Rule 3(a), Petitioner **must** have the warden or other appropriate officer of the place of Petitioner's confinement certify the amount of money or securities that Petitioner has in any account in the institution. *Second*, Petitioner failed to use the Court's required form for his § 2241 Petition. Not only do the Local Rules of this Court require him to use the form, *see* E.D. Mo. L.R. 2.06(A), but Petitioner's current Petition fails to provide the necessary information to plausibly show an entitlement to relief. The Court will provide Petitioner a copy of the form.

The Court will provide Petitioner forty-five (45) days to complete these tasks. If by **Monday, July 8, 2024**, Petitioner fails to either (1) pay the five-dollar filing fee or (2) file a

---

[1] Though this case is not one under 28 U.S.C. § 2254, the Court may apply the Rules to a habeas corpus petition under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

proper motion to proceed in forma pauperis or if Petitioner fails to file the completed § 2241 form petition, the Court will dismiss this case without prejudice and without further notice.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis, Doc. [4], is **DENIED** without prejudice.  No later than **Monday, July 8, 2024**, Petitioner must pay the five-dollar filing fee or file a proper motion for leave to proceed in forma pauperis.  The Clerk of Court is directed to mail Petitioner a copy of the form motion to proceed in forma pauperis and affidavit in support for habeas cases.

**IT IS FURTHER ORDERED** that Petitioner must file an amended petition on the Court's form petition for a writ of habeas corpus under 28 U.S.C. § 2241 no later than **Monday, July 8, 2024**.  The Clerk of Court is directed to mail Petitioner a copy of this form.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

Dated this 24th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner also has moved for appointment of counsel.  There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding.  *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action").  Rather, the decision to appoint counsel is within the discretion of the district court.  *Williams v. State of Mo.*, 640 F.2d 140, 144 (8th Cir. 1981).  "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).  Petitioner has yet to demonstrate that he has a nonfrivolous claim.  For that reason, the Court will deny his Motion for Appointment of Counsel without prejudice.